# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs December 11, 2013

## MATHIS T. VAUGHN v. ARVIL K. CHAPMAN, WARDEN and STATE OF TENNESSEE

### Appeal from the Circuit Court for Wayne County
### No. 15334   Jim T. Hamilton, Judge

---

### No.  M2013-00956-CCA-R3-HC - Filed February 6, 2014

---

Petitioner, Mathis L. Vaughn, was convicted in 1993 of first degree murder during the perpetration of a robbery.  His conviction was affirmed on appeal.  *See State v. Mathis T. Vaughn*, No. 01C01-0312-CR-00425, 1994 WL 256993, at *1 (Tenn., June 9, 1994). Subsequently, Petitioner unsuccessfully sought post-conviction relief on the basis of ineffective assistance of counsel.  *See Mathis T. Vaughn v. State*, No. M2007-00755-CCA-R3-PC, 2001 WL 303034, at *1 (Tenn. Crim. App., at Nashville, Mar. 29, 2001), *perm. app. denied,* (Tenn. Sept. 17, 2001).  Petitioner first sought habeas corpus relief in 2006; it was denied.  *See Mathis T. Vaughn v. James Worthington, Warden*, No. E2007-00808-CCA-R3-HC, 2008 WL 58956, at *1 (Tenn. Crim. App., at Knoxville, Jan. 4, 2008).  Petitioner again seeks habeas relief, arguing that his judgment is void because it lists his conviction offense as first degree murder when the jury actually convicted him of first degree felony murder. The habeas corpus court dismissed the petition.  Petitioner appeals.  After a review, we determine that the habeas corpur court properly dismissed the petition where Petitioner failed to establish that the judgment was void or that his sentence had expired.  Consequently, the judgment of the habeas corpus court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which ALAN E. GLENN and CAMILLE MCMULLEN, JJ., joined.

Mathis T. Vaughn, Pro Se, Only, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; and Mike Bottoms, District Attorney General, for the appellant, State of Tennessee.

# OPINION

## *Factual Background*

Petitioner was convicted in 1993 of first degree murder during the perpetration of a robbery. On appeal, the facts were summarized as follows:

> On the evening of September 21, 1992, the victim drove into the Lincoln Homes Projects in Clarksville, Tennessee. Testimony revealed that the victim was the subject of envy among some of the men at Lincoln Homes because he owned a sports car with an expensive stereo system and dated some of the local women. While the victim was waiting to meet someone that evening, his car was surrounded by a group of men which included the [Petitioner]. [Petitioner] approached the driver's side of the vehicle and demanded that the victim get out of the car. The victim refused to leave. [Petitioner] then removed a pistol from his waistband and pointed it at the victim. The victim attempted to drive away when the pistol discharged.

*Mathis T. Vaughn*, 1994 WL 256993, at *1. On appeal, Petitioner argued that the trial court erred in refusing a request for a special instruction to the jury. His conviction was affirmed on appeal. *Id.*

Subsequently, Petitioner sought post-conviction relief on the basis of ineffective assistance of counsel. *Mathis T. Vaughn*, 2001 WL 303034, at *1. Specifically, he argued that trial counsel failed to object to certain hearsay testimony during trial and that the failure of counsel to object led to the failure to preserve those issues on appeal. The petition was dismissed. This Court affirmed the dismissal. *Id.*

Petitioner first sought habeas corpus relief in 2006. *See Mathis T. Vaughn*, 2008 WL 58956, at *1. The petition was denied after a hearing. *Id.* On appeal, he asserted that "the habeas corpus court erred by dismissing his petition prior to the appointment of counsel and that his conviction for first degree felony murder is void because (1) the trial court failed to charge any lesser included offenses of felony murder and (2) the indictment did not charge an underlying felony to support the felony murder charge." *Id.* This Court determined that neither claim would render Petitioner's convictions void and affirmed the judgment of the habeas corpus court. *Id.* at *3.

Petitioner again sought habeas relief in February of 2013, arguing that the judgment in his case is void because it lists his conviction offense as first degree murder when the jury

actually convicted him of first degree felony murder. The habeas corpus court dismissed the petition. Petitioner appeals.

*Analysis*

Appellant argues on appeal that the habeas corpus court improperly dismissed the petition for relief. Specifically, he argues that his conviction is void because he was convicted of first degree murder rather than first degree felony murder. He also insists that his sentence violates the ex post facto laws because he was sentenced to life imprisonment requiring him to serve no less than twenty-five years prior to eligibility for parole. The State argues simply that the habeas court properly dismissed the petition.

Pursuant to Tennessee Code Annotated section 29-21-101(a), habeas corpus relief is only available if the petitioner is "imprisoned or restrained of liberty." The term "imprisoned" means "actual physical confinement or detention." *Hickman v. State*, 153 S.W.3d 16, 22 (Tenn. 2004). A petitioner does not have to be physically confined to be "restrained of liberty." A petitioner can be restrained of liberty if "the challenged judgment itself imposes a restraint upon the petitioner's freedom of action or movement," even if "the petitioner is not physically confined or detained." *Id*. (citations omitted); *see Benson v. State*, 153 S.W.3d 27, 31 (Tenn. 2004). "The phrase 'restrained of liberty' has generally been interpreted to include any limitation placed upon a person's freedom of action, including such restraints as conditions of parole or probation, or an order requiring a person to remain in one city." *Benson*, 153 S.W.3d at 31 (citing *Hickman*, 153 S.W.3d 16, 22-23 (Tenn. 2004)). The requirement that a petitioner be "imprisoned or restrained of liberty" by the challenged conviction is basically a requirement that a petitioner have standing to bring a habeas corpus proceeding, and this standing requirement operates independently of a petitioner's substantive claim of voidness. *See Benson*, 153 S.W.3d at 31 ("A statutory prerequisite for eligibility to seek habeas corpus relief is that the petitioner must be 'imprisoned or restrained of liberty' by the challenged convictions."); *see also* T.C.A. § 29-21-107(b).

Moreover, the determination of whether to grant habeas corpus relief is a question of law. *See Hickman v. State*, 153 S.W.3d 16, 19 (Tenn. 2004). As such, we will review the habeas corpus court's findings de novo without a presumption of correctness. *Id.* Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. *See Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A writ of

habeas corpus is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992). In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. *See Taylor*, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting *Taylor*, 955 S.W.2d at 83).

However, if after a review of the habeas petitioner's filings the habeas corpus court determines that the petitioner would not be entitled to relief, then the petition may be summarily dismissed. T. C.A. § 29-21-109; *State ex rel. Byrd v. Bomar*, 381 S.W.2d 280, 283 (Tenn. 1964). Further, a habeas corpus court may summarily dismiss a petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

At the time Petitioner committed the crime, 1992, Tennessee Code Annotated section 39-13-202 (1992) defined murder as:

(1) An intentional, premeditated and deliberate killing of another; or
(2) A reckless killing of another committed in the perpetration of, or attempt
to perpetrate any first degree murder, arson, rape, robbery, burglary, theft,
kidnapping or aircraft piracy; . . . .

T.C.A. § 39-13-202 (1992). Looking at the statute, it is clear that despite Petitioner's argument to the contrary, felony murder is first degree murder. Thus, Petitioner's conviction is not void, and he is not entitled to habeas corpus relief.

Additionally, Petitioner insists that the trial court was without jurisdiction to impose a life sentence which required him to serve a minimum sentence. According to Tennessee Code Annotated section 39-13-202 (1992), the punishment for a first degree murder conviction was "death or . . . imprisonment for life." Further, in 1992, release eligibility was determined based in first degree murder convictions occurred "after service of sixty percent (60%) of sixty (60) years less sentence credits earned and retained by the defendant." T.C.A.

-4-

§ 40-35-501(g) (1992).[1]  We have examined Petitioner's judgment form.  It does not state a release eligibility.  Consequently, Petitioner's release eligibility is set by statute.  Petitioner did not provide the court with any documents to show that his judgment is void or that his sentence has expired based on a violation of the statute or otherwise.  The habeas corpus court properly denied relief.

*Conclusion*

For the foregoing reasons, the judgment of the habeas corpus court is affirmed.

_____
JERRY L. SMITH, JUDGE

---

[1] This statute was amended in 1994.  The new calculation for release eligibility was "after sixty (60%) percent of sixty (60) years less sentence credits earned and retained . . . , but in no event shall a defendant sentenced to imprisonment for life be eligible for parole until the defendant has served a minimum of twenty-five (25) full calendar years of such sentence . . . ."  T.C.A. § 40-35-501(h)(1) (1994).